[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10226
Non-Argument Calendar
_____

D.C. Docket No. 9:08-cr-80096-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE L. ADAMS,
a.k.a. Preacher,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 24, 2012)

Before PRYOR, FAY and EDMONDSON,  Circuit Judges.

PER CURIAM:

Joe Adams appeals the denial of his motion for a reduced sentence.  18 U.S.C. § 3582(c)(2).  Adams contends that he is entitled to a reduced sentence under Amendment 750 to the Sentencing Guidelines, which was promulgated after Congress enacted the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).  The district court ruled that Adams was ineligible for a reduced sentence because he had been sentenced as a career offender.  Adams contends that the decision of the Supreme Court in Freeman v. United States, 131 S. Ct. 2685, 2695 (2011), abrogated our decision in United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), regarding whether a defendant sentenced as a career offender is eligible for a reduced sentence.  We affirm.

We review de novo a decision that a movant is ineligible for a reduced sentence.  Id. at 1326.

The district court did not err when it denied Adams's motion.  Adams was ineligible for a reduced sentence because Amendment 750 did not lower his guideline range.  See id. at 1330.  Adams was sentenced as a career offender, United States Sentencing Guidelines Manual § 4B1.1 (Nov. 2008), and was ineligible for a sentence reduction under Amendment 750.  See Moore, 541 F.3d at 1327–28, 1330.  Moreover, the district court was not permitted to consider whether Adams's designation as a career offender was erroneous.  See United

2

States v. Bravo, 203 F.3d 778, 780–81 (11th Cir. 2000).  Adams was not sentenced based on an offense level that was higher than the otherwise applicable offense level for career offenders, and he did not receive a departure, U.S.S.G. § 4A1.3, that might have provided him with a sentencing range that could have been affected by Amendment 750.

Adams's argument about Freeman is meritless.  In Freeman, the Supreme Court decided a case arising from a plea agreement that allowed the government and defendant to agree to a term or range of imprisonment, and present the plea agreement to the district court for acceptance or rejection, but not alteration.  See Fed. R. Crim. P. 11(c)(1)(C).  The Supreme Court held that, under section 3582 and Rule 11(c)(1)(C), the sentence can be said to be "based on" the Sentencing Guidelines, and eligible for a later reduction, if the express terms of the plea agreement provide that the sentence is set by a sentencing range, applicable to the charged offense, to establish the term of imprisonment.  In contrast, Adams was sentenced as a career offender, which renders him ineligible for a reduced sentence.

**AFFIRMED.**

3